## MEMPHIS STREET RAILWAY CO. v. CHARLES G. ALBERT.

Western Section. November 1, 1929.

Petition for Certiorari denied by Supreme Court, March 15, 1930.

106

John W. Harris, Jr., of Memphis, for plaintiff in error.
Grover McCormick, of Memphis, for defendant in error.

OWEN, J. The Memphis Street Railway Company, hereafter called the defendant, has appealed from a judgment rendered against it in the circuit court of Shelby county for $300 in favor of the plaintiff, Charles G. Albert.

The suit was for personal injuries. The plaintiff's declaration contained two counts. The first count set out a common-law cause of action; the second count was based on the alleged violation of a city ordinance of the City of Memphis.

The plaintiff was driving a seven-passenger Lincoln automobile, traveling west on Linden street, a street that runs east and west in the City of Memphis. The automobile was struck by the defendant's street car at the intersection of Orleans street and Linden street, Orleans street running north and south and the street car was traveling north when the accident occurred.

The first count alleged that the street car was operated at a dangerous and reckless rate of speed; that as the street car approached Linden street it was coming down a steep grade at a careless, reckless and negligent rate of speed; that the street car was not under proper control and that there was not a proper lookout ahead and that the street car was not brought to a stop before crossing Linden avenue, a through thoroughfare.

By the second count it was alleged that there was a city ordinance in Memphis making Linden avenue, at the point of the collision, a through street and requiring traffic on Orleans street to come to a full stop at a mushroom stop sign placed in the middle of Orleans street before entering Linden avenue.

The plaintiff alleged certin injuries to his body—that he was cut and bruised and suffered great pain, mental anguish, etc., and that he had spent much money for doctors' bills and medicines. The defendant filed pleas of not guilty, contributory negligence and that at the time of the accident that plaintiff was violating a city ordinance of the City of Memphis, which ordinance limited the speed

of all vehicles traveling on the streets of Memphis to a speed not in excess of twenty-five miles per hour.

With the issues thus defined, the cause was submitted to the court and a jury. At the conclusion of all the evidence there was a motion for a directed verdict in behalf of the defendant, which was overruled. The jury returned a verdict for plaintiff for the amount heretofore stated. There was a motion for a new trial which was overruled to which the defendant excepted, prayed and perfected an appeal and has assigned four errors in this court.

The first error is that the court erred in not granting defendant's motion for a peremptory instruction at the close of all the evidence because the plaintiff violated the speed limit and was driving his automobile at more than twenty-five miles per hour at the time of the accident. The other three assignments all complain of certain excerpts in the court's charge.

There was no special request offered by either party at the conclusion of the general charge. We find from the proof that the defendant violated the ordinance in failing to bring the street car to a stop at the mushroom sign in the intersection of Orleans street with Linden avenue; that Linden avenue was a through street; that the plaintiff had the right-of-way and he had almost crossed Orleans street when his car was struck and the rear left wheel crushed. Plaintiff received numerous cuts and bruises that were serious. He was rushed to the hospital. There being no question as to the amount of the verdict, it is not neccesary to further mention the plaintiff's injuries. He did not own the car he was driving in which he was injured.

The plaintiff at the time of the accident was driving the car in excess of twenty-five miles per hour, probably about twenty-eight miles an hour. The plaintiff testified that he presumed that the motorman of the street car would bring the street car to a stop. That he was within about forty feet of the street car when he discovered that the street car was not going to stop; that the street on which plaintiff was traveling was wet; it was slippery and the only reasonable thing that he could do was to try to avoid a collision by turning his automobile to the north and try to avoid a collision which he was unable to do. Mr. E. C. Callahan testified for plaintiff. He witnessed the accident. Mr. Callahan was approaching Orleans street from the east and going in the same direction as plaintiff. Callahan testified that he was traveling about twenty-five miles per hour and was with him less than half a block from Orleans, that there was no other traffic on Linden and near Orleans street except plaintiff's automobile, the street car and the witness. He testified that the plaintiff endeavored to ease or turn to the right on Orleans street to escape hitting the car, or enough to pass the front of it and continue west on Linden avenue;

that the street car hit the Lincoln car about middle way between the front and rear wheels; that when the street car hit the Lincoln car the front of the street car was just about even with the right hand curb of Linden avenue. He testified that the operator of the street car did not stop the street car. He further testified that the street car dashed across the street; that the accident happened so quick that he did not see how fast the street car was going, but approximately he thought it was going fifteen or twenty miles an hour. This witness further testified that he was an experienced driver of an automobile and from his experience and knowledge and the condition of the streets at the time of the accident that the plaintiff did all that a reasonable man could have done to avoid the accident.

The street car motorman testified that he brought the street car to a complete and full stop before entering Linden avenue and that the plaintiff ran into the side of the street car and struck the right front shoulder of the street car, being the right front corner.

We are of the opinion that there is evidence to sustain plaintiff's theory and contention that the defendant's failure to stop its street car in obedience to the city ordinance was the proximate cause of plaintiff's injury.

We are of the opinion that the plaintiff had the right to rely upon his belief that the street car would come to a stop at this sign and that plaintiff had the preferential right-of-way, being on a through thoroughfare in the City of Memphis and the fact that the plaintiff was driving his car in excess of twenty-five miles per hour was not the proximate cause of his injury and under his testimony he would not have escaped injury had he been driving his car twenty-four and one-half miles per hour.

The jury has settled the conflict between the plaintiff and his witness and the defendant and its witnesses as to whether or not the street car stopped before entering Linden avenue, and have resolved this conflict in favor of the plaintiff.

We are of the opinion that the court was not in error in submitting the case to the jury and defendant's first assignment of error is overruled. By the next three assignments which are long excerpts from the court's general charge, it is insisted that the court erred. None of these assignments comply with the rules of this court or of the Supreme Court. We are not cited to a single page of the transcript where these excerpts may be found. By Rule 11, sub-section 2, paragraph 2 of the Rules of this court as found on page 815, Vol. 151, Tennessee, and which rules are printed in every volume of appeal reports of this State, there is provided that: "A statement of the errors of fact or law relied upon to reverse or modify the same, showing specifically wherein the action complained of is erroneous, and how it prejudiced the rights of the appellant, or plaintiff in

error, with references to the pages of the record where the ruling of the court on matters constituting errors of law appeared; and, in case it is an error of fact, to the pages of the record where the testimony relied upon to sustain the same is to be found." This is a wholesome rule and should be enforced for the protection of the court and litigants. It is not a harsh or unreasonable rule.

It results that the three assignments of error with reference to the charge are overruled and disallowed. However, for our own satisfaction, we have read the charge of the court and taking it as a whole, we are of the opinion that there is no error in the charge and that the defendant has had a fair and impartial trial.

It results that the judgment of the lower court is affirmed. The plaintiff will recover of the defendant the amount of the judgment rendered in the lower court with interest thereon from the date of its rendition and all the costs of the cause, including the costs of the appeal, for which execution will issue. Execution will issue against the plaintiff and his surety on appeal bond, for the costs of the appeal.

Heiskell and Senter, JJ., concur.